El Pueblo de Puerto Rico, demandante y apelado, *v.* Epifanio Anza Aguirre, acusado y apelante.

Núm. 10317.—*Sometido:* Febrero 4, 1944. *Resuelto:* Febrero 17, 1944.

118

*José L. Márquez, Jr.*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado del delito de poseer un revólver sin registrar y del de portar esa misma arma ilegalmente. Fué condenado a un mes de cárcel por el primero y a $50 de multa por el segundo, y no estando conforme con la sentencia, interpuso el presente recurso. Se basa éste en diez señalamientos de error, de los cuales consideraremos solamente el séptimo y el octavo por ser ellos suficientes para justificar la revocación de las dos sentencias.

Alega el apelante que la corte inferior erró al declararle culpable ''teniendo duda en cuanto al alcance de la prueba y la veracidad de los testigos''; y al declararle cul-

pable por el hecho de que él se abstuviera de declarar en el acto del juicio.

De la transcripción de evidencia que tenemos a la vista aparece que después de presentada toda la prueba y terminados los informes orales del fiscal y de la defensa, tuvo lugar el incidente que transcribimos a continuación:

"Hon. Juez.—Esta Corte en el caso número 8,866, por portar armas, de El Pueblo de Puerto Rico versus Epifanio Anza Aguirre, y en el caso número 8,861 por no registro de arma, visto conjuntamente con el anterior, ha habido (sic) detalladamente las pruebas presentadas por las partes y encuentra la Corte que en las mismas hay dudas en cuanto al alcance de cada prueba y posiblemente en cuanto a la veracidad, pero aun así encuentra esta Corte que las pruebas son suficientes en ambos casos para declarar culpable al acusado y así lo declara culpable en el caso por el delito de portar armas y lo condena a un mes de cárcel, y en el otro caso por el delito de no inscripción de arma también lo declara culpable y lo condena a pagar cincuenta dólares de multa o un día de cárcel por cada dólar que dejare de satisfacer.

"Defensa.—En este caso queremos oír la sentencia otra vez para fundar una reconsideración. (El taquígrafo lee la sentencia dictada por la Corte.)

"Defensa.—Señor Juez: nosotros entendemos que en un caso como éste donde no solamente hay duda a nuestro entender sino que hay duda en cuanto al entender de Su Señoría, que así lo manifiesta, habiendo sido el acusado convicto con una prueba en la que Su Señoría entiende que hay duda razonable. . .

"Hon. Juez.—Que hay duda en cuanto al cómputo de la prueba pero no en cuanto a la culpabilidad del acusado; si el acusado hubiera declarado quizá hubiera convencido a la Corte y la corte lo hubiera absuelto, pero la corte cree que con la prueba que ha habido en este caso no puede absolver al acusado y por tanto ha dictado las sentencias que ha dictado."

Entre los deberes elementales que la ley impone al magistrado que preside una corte ante la cual se celebra la vista de una causa criminal, sin la intervención de un jurado, figuran el de apreciar la evidencia ofrecida por una y otra-parte para determinar su peso y alcance; el de juzgar

sobre el crédito que le merezcan los testigos que han declarado en el juicio, a quienes ha visto y oído declarar; el de resolver los conflictos que pudieran resultar de las declaraciones contradictorias prestadas por esos mismos testigos; y el de dar al acusado el beneficio de cualquier duda razonable que pueda surgir en su mente, después de oír y pesar toda la prueba.

██ Es también elemental el principio de que todo acusado tiene a su favor la presunción de inocencia y que esa presunción le acompaña hasta que el fiscal haya probado su culpabilidad más allá de toda duda razonable. Y no menos conocida es la regla de que el acusado tiene el derecho a abstenerse de declarar en su propia defensa, no pudiendo considerarse como evidencia en su contra el hecho de que guardó silencio cuando pudo haber hablado.

El error imputado a la corte sentenciadora fué cometido y es a nuestro juicio altamente perjudicial a los derechos del acusado.

██ No es función de esta Corte Suprema, como tribunal de apelación, la de examinar la evidencia para determinar si ella es suficiente para justificar las sentencias. Tendríamos ese deber si la corte inferior hubiese dictado un fallo basado en su opinión, de que la prueba era suficiente para justificarla. Tampoco estamos obligados a determinar a cuáles testigos debió dar crédito el juez sentenciador. Si al dictar las dos sentencias recurridas, se hubiese limitado a declarar al acusado culpable de ambos delitos, nosotros estaríamos obligados a presumir que el juez sentenciador dió crédito a los testigos cuyas declaraciones tendieron a incriminar al acusado y que al pesar la prueba consideró que ésta era suficiente para establecer la culpabilidad del acusado; y en ese caso, nos abstendríamos de intervenir con el fallo, a no ser que de un examen detenido de toda la evidencia resultase que ésta era claramente insuficiente para justificar la convicción del acusado.

En el caso de autos nos encontramos ante una situación enteramente distinta. Nos dice el juez sentenciador que después de estudiar detalladamente las pruebas presentadas por ambas partes, la Corte tiene dudas en cuanto al alcance de cada prueba y posiblemente en cuanto a la veracidad. No nos dice en qué consisten esas dudas, ni señala tampoco los testigos de cuya veracidad ha dudado. Más adelante, hace constar que las dudas que tiene son en cuanto al "cómputo" de la prueba, aunque suponemos que quiso decir en cuanto a la apreciación de la prueba.

Vemos, pues, que la corte inferior, encontrándose en un estado mental de duda e incertidumbre en cuanto a la apreciación del peso y suficiencia de la prueba y en cuanto a la credibilidad de los testigos, pero creyendo no obstante en la culpabilidad del acusado, se negó a dar a éste el beneficio de la duda y le condenó porque pudiendo haber declarado y disipado con su declaración las dudas existentes en la mente del juzgador, se abstuvo de declarar. Lo condenó porque creyó en la culpabilidad del acusado, no obstante su estado mental de duda e incertidumbre en cuanto a la suficiencia de la prueba y la veracidad de los testigos.

*Debe revocarse la sentencia y absolverse al acusado.*